IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Petitioner, § <br> § <br> v. § <br> § <br> RAUL ORONA, § <br> Respondent. § | § <br> § <br> § <br> § Case No. 3:11-CV-1069-D-BK <br> § <br> § <br> § |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's *Standing Order of Reference*, filed June 2, 2011, before the Court is the government's *Petition to Enforce Internal Revenue Service Summonses*, filed May 23, 2011. After consideration of the pleadings, evidence, oral argument, and applicable law, the Court recommends that the petition be **GRANTED**.

### I. BACKGROUND

On June 8, 2011, this Court issued an order for Respondent Raul Orona to appear in person at a hearing on Thursday, June 23, 2011, at 2:00 p.m., and show cause why he should not comply with and obey the Internal Revenue summons previously served on him. The Court ordered the IRS Revenue Officer to serve the show cause order on Respondent. A return of service was filed on June 22, 2011, indicating that Respondent was personally served with a copy of the show cause order at 8:00 p.m. on June 21, 2011.

The Court conducted the show cause hearing on Thursday, June 23, 2011. Respondent failed to appear as ordered. Revenue Officer Noe Trujillo of the Internal Revenue Service ("IRS") was called as a witness and testified that he served a summons on Respondent by leaving a copy at Respondent's last and usual residence on January 28, 2011. The summons required Respondent to appear at the offices of the IRS located at 1100 Commerce Street, Stop 5142DAL, Dallas, Texas

75242-1027, on February 10, 2011, to give testimony, and produce documents and records regarding his assets, liabilities, or accounts held from July 1, 2010 to January 31, 2011. Respondent failed and refused to comply with the summons, and has not complied as of this date. The documents are not in the possession of the United States, and that there is no "Justice Department referral."

Officer Trujillo also testified that he personally served Respondent with a copy of the show cause order at a residence on Ben Brook Drive, Dallas, Texas, on June 21, 2011.

## II. ANALYSIS

Where any person refuses to obey an IRS summons, the government may seek judicial enforcement of the summons. 26 U.S.C. § 7604. It is well settled that the government's *prima facie* case for enforcement requires only a "minimal" initial showing that the summons was issued in good faith, i.e., that (1) it was issued for a proper purpose, (2) that the material sought is relevant to that purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell,* 379 U.S. 48 (1964); *Barquero v. United States,* 18 F.3d 1311, 1316 (5th Cir.1994); *United States v. McCoy,* 954 F.2d 1000, 1004 (5th Cir.1992). This showing may be made by a simple affidavit filed with the petition to enforce by the agent who issued the summons. *United States v. Linsteadt,* 724 F.2d 480, 482 (5th Cir.1984); *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir.), *cert. denied,* 454 U.S. 862 (1981). Once the government makes this minimal showing, the burden shifts to the party resisting the summons to challenge it on any appropriate ground, e.g., demonstrating an improper purpose of the summons or abuse of the court's process. *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316 (1978); *Powell,* 379 U.S. at 58; *McCoy,* 954 F.2d at 1004. Accordingly, the taxpayer, or the party challenging the summons, bears the "heavy" burden of

rebutting the government's prima facie showing for enforcement of a summons. *United States .v Abrahams,* 905 F.2d 1276, 1280 (9th Cir.1990); *Liberty Financial Serv. v. United States,* 778 F.2d 1390, 1392 (9th Cir. 1985).

In this case, the testimony of the Revenue Officer, as well as his declaration, established that the IRS needs the information summoned, and that the information may be relevant to the examination of Respondent's assets in relation to his ability to satisfy outstanding tax liabilities. The Officer's testimony adequately met the United States' burden of establishing a legitimate purpose in issuing the summons and that the summonsed information may be relevant for that purpose. His testimony also adequately meets the United States' burden of establishing that it does not have possession of the books and records summonsed. Respondent failed to appear and offer any evidence rebutting the government's prima facie showing for enforcement of a summons.

The Court therefore finds that the Internal Revenue Service summons issued by the Revenue Officer was authorized and properly served pursuant to the provisions of 26 U.S.C. §§ 7602 and 7603, and that jurisdiction to enforce the summons in this action properly exists in this Court pursuant to 26 U.S.C. § 7604(a). The Court further finds that the summons which was the subject matter of this action was issued for a legitimate purpose pursuant to the Internal Revenue Code, seeks information relevant for that purpose, and seeks testimony and documents which are not presently in the possession of the Internal Revenue Service. The Court specially finds that the purpose of the summons was to secure testimony, records and documents relating to Respondent's assets in order to determine the his ability to satisfy his tax liability. The summons was issued in compliance with all applicable statutes, rules, and regulations and there is no "Justice Department referral" in effect with respect to Respondent, or any person whose tax liability is at issue pursuant

to said summons as that term is defined in 26 U.S.C. § 7602(d)). Accordingly, the requirements set out in *United States v. Powell,* 379 U.S. 48 (1963) have been satisfied, and the government is entitled to enforcement of the summons. *United States v. LaSalle National Bank,* 437 U.S. 298, (1978).

### III. RECOMMENDATION

For these reasons, the Court recommends that the petition to enforce the summons be **GRANTED**, and that Respondent Raul Orona be **ORDERED** to appear before Revenue Officer Noe Trujillo, or another officer of the Internal Revenue Service, at 1100 Commerce Street, Dallas, Texas, on **Monday, July 25, 2011, at 8:00 a.m.** to testify and produce all documents and records specified in the summons attached Exhibit "A" to the petition of the United States of America filed in this matter. The Court further recommends that all court costs be taxed against Respondent.

**SO RECOMMENDED** on June 28, 2011.

_____
**RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on Respondent by mailing copies to him at 5421 Worth Street, Dallas, Texas 75214, and 10619 Ben Brook Drive, Dallas, Texas 75228. A copy of this order shall also be served upon Respondent by Revenue Officer Noe Trujillo, or any other proper officer of the Internal Revenue Service, to make such service and make due return to this Court.

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE